M. SMITH, Circuit Judge,
dissenting:
The majority holds that, under California law, an insurer carries a duty to defend, based on hypothetical theories of liability that are found in evidence extrinsic to the complaint, even where no such theories of liability are actually pleaded. In my view, this holding is contrary to clearly established California law. I respectfully dissent.
Under California law, the duty to defend “is not unlimited.” Buss v. Superior Court, 16 Cal.4th 35, 65 Cal.Rptr.2d 366, 939 P.2d 766, 773 (1997). A determination regarding “whether the insurer owes a duty to defend usually is made ... by comparing the ¿negations of the complaint with the terms of the policy.” Horace Mann Ins. Co. v. Barbara B., 4 Cal.4th 1076, 17 Cal.Rptr.2d 210, 846 P.2d 792, 795 (1993). In assessing the allegations in the complaint, “coverage turns not on the technical legal cause of action pleaded by the third party but on the facts [actually] alleged.” Swain v. Cal. Cas. Ins. Co., 99 Cal.App.4th 1, 8-9, 120 Cal.Rptr.2d 808 (2002) (emphasis added).
“Facts extrinsic to the complaint [may] also give rise to a duty to defend.” Id. at 8, 120 Cal.Rptr.2d 808. But extrinsic facts will only create a duty to defend where *642 they reveal a possibility that the claims actually alleged may be covered by the policy. Horace Mann, 17 Cal.Rptr.2d 210, 846 P.2d at 795 (explaining that extrinsic facts “give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy” (emphasis added)). A duty to defend does not arise merely because extrinsic facts establish that claims within the policy’s purview could have been asserted, where no such claims were actually brought. Id. Accordingly, in determining whether a duty to defend exists, courts decline to look to extrinsic evidence where the plaintiff does not “allege the type of damages covered by the policy.” The Upper Deck Co. v. Federal Ins. Co., 358 F.3d 608, 615-16 (9th Cir.2004). “An insured may not trigger the duty to defend by speculating about extraneous ‘facts’ regarding potential liability or ways in which the third party claimant might amend its complaint at some future date.” Gunderson v. Fire Ins. Exch., 37 Cal.App.4th 1106, 1114, 44 Cal.Rptr.2d 272 (1995).
Crazy Horse’s insurance policy contains an “assault or battery exclusion,” which provides that the policy does not cover any bodily injury “[ajrising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery.” It is also undisputed that Martinez’s Complaint and Amended Complaint (Complaints) solely alleged that his injuries arose from Crazy Horse’s employees’ wrongful acts of physical violence. Although the factual allegations that Martinez actually asserted do not establish any legal claim creating a possibility of coverage, the majority concludes that Burlington was obligated to defend Crazy Horse, because facts extrinsic to the Complaints indicated that Martinez may have suffered additional injuries as a result of falling from a stool. I disagree.
Under California law, an insurer’s duty to defend is not triggered where the underlying claims raise no potential for liability covered by the policy. Horace Mann, 17 Cal.Rptr.2d 210, 846 P.2d at 795. “[And] [t]he possibility of an amendment does not require the insurer to speculate about any conceivable claim that a plaintiff might bring against the insured ...” Upper Deck, 358 F.3d at 615-16. For whatever reason, Martinez’ Complaints did not include any allegations indicating that he fell from a stool, and they solely alleged facts and theories of liability that the policy did not cover. Under such circumstances, California law does not require an insurer to provide coverage based on potential theories of liability that were not pleaded. And, as “a determination that there is no duty to defend automatically means that there is no duty to indemnify,” I would affirm the district court’s order, holding that Burlington is not now liable to Martinez as a judgment creditor. Certain Underwriters at Lloyd’s of London v. Superior Court, 24 Cal.4th 945, 103 Cal.Rptr.2d 672, 16 P.3d 94, 104 (2001) (internal quotations and citations omitted).
I respectfully dissent.